

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 6, 1939

Hon. L. J. Gittinger
First Assistant Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

> Opinion No. 0-365
> Re: Application of Senate Bill No. 227,
> Chapter 214, Acts of 1935, 44th Leg.,
> I. e., Article 165a-1, Revised Civil
> Statutes.

Your letter of February 10th is hereby acknowledged received wherein you request an opinion pertaining to the above captioned bill. In paragraphs numbered 1 and 2 of your letter, you ask the following questions:

"1. Under such Statute, would it be lawful for the Commissioners' Court to perform such service by having the land owner deposit with some escrow agent in cash, before commencement of the work, the amount to be charged for the service, or is it necessary in every case that the land owner make the application provided by law and execute the lien contract?

"2. If it would be held in all cases that a contract is required could the Commissioners' Court take such contract, not record the same and when the work is completed and paid for release the land owner from any liability by virtue of such application."

Also, by separate letter under date of February 10th, you desire this Department to submit a contract form

applicable under said act and particularly as provided for in Section 5 thereof. The provision of Senate Bill No. 227, Chapter 214, Acts of 1935, 44th Legislature, and section 5 applicable, is set forth in Vernon's Annotated Texas Civil Statutes, 1925, under Article 165a-1, Section 5 and reads as follows:

> "The Commissioners' Courts of the several counties may provide for the construction of improvements on the lands lying within their respective counties, in the nature of farm terraces, dikes, ditches, soil and water reservoirs, and other soil and water conservation and erosion prevention services, assessing the landowner with an assessment not to exceed the actual cost of labor, material, and fuel, and no charge shall be made for depreciation and/or other expenses. The amount so assessed against the landowner, shall be and remain a lien upon and against the lands upon which such money was used for any or all of the improvements mentioned in this section.

> "The County Commissioners' Courts shall consult and advise with the County Farm Demonstrators, and/or employ other capable and experienced agent or agents, in the application and operation of this Act.

> "The Commissioners' Court of the several counties cannot undertake the improvements hereon, unless the landowner petitions said Court so to do. Said courts must enter into a written contract with the landowner, for any and all of the improvements herein specified, provided that no contract can grant the landowner a period of more than ten years from date of the contract itself for payment to the Commissioners' Courts of assessments against said landowner in making the said improvements, and provided further that said assessments shall bear no interest until after maturity, said contract form to be drawn by the Attorney General's Department. Only one contract can be made with any individual landowner in any one calendar year, and not more

than Three Hundred ($300.00) Dollars shall
be spent per annum on any one farm. Such
contracts shall be filed and recorded in the
office of the County Clerk of the County in
which the land is situated, and such filing
shall serve to fix the lien on said land.
Anyone receiving any benefits hereunder must
be the owner of record of such land on which
any improvements hereunder are to be made;
provided further that nothing in this Act
shall affect the existing statutes regard-
ing impounding water reservoirs."

The purpose of this provision in the act as
expressed in the enacting clause of the bill was to con-
fer on the Commissioners' Court of the several counties
authority to provide for the construction of improve-
ments on lands in the nature of farm terraces, dikes,
ditches and other services expressed; providing for
assessing landowners for the construction and mainten-
ance of such improvements and devices, under rules and
regulations to be prescribed by the said conservation
board; providing for the contribution by the landowners
for such improvements, entering into contracts with the
Commissioners' Court for same and other purposes more
or less connected with the above.

It appears, in the reading of Section 5 of said
act, that the Commissioners' Court shall enter into a
written contract with the landowner for any and all of
the improvements specified in said act. The act requires
that such assessment be made, that a contract be entered
into and a lien retained, thereby securing the funds of
the county expended in such cases and which are to be
paid back by the individual landowner.

The primary and cardinal purpose of this enact-
ment was to create a fund and provide whereby the county,
through its Commissioners' Court could, if it saw fit,
expend a sum of money or its equivalent in labor, material
and fuel to such a project, at the landowner's request and
in such amount as not to exceed $300.00 for the designated
improvements in any one calendar year. Such sum available
without interest and payments deferred, would be an in-
ducement to having the work done by any landowner who desired

to avail himself of the privilege.. The act itself evi-
dently contemplates that the county shall perform the
work and the latter part of Section 6 of the act appears
to leave it within the discretion of the Commissioners'
Court to permit road machinery, when not necessarily
in use on the public roads, to be used on private lands
for purposes expressed. Such provisions are as follows:

> "In order to provide a fund in aid of
> the construction and maintenance of the im-
> provements and structures named in Section 5
> of this Act, the Commissioners' Court of each
> county may appropriate any amount up to twenty-
> five (25%) per cent of the net collections
> made in each such county of the motor vehicle
> license fees not to exceed Twelve Thousand Five
> Hundred (12,500.00) Dollars.....Moneys may
> be withdrawn from said fund under the direc-
> tion of the Commissioners' Courts, and used for
> the purposes of purchasing, maintaining and re-
> pairing machinery and equipment, and furnishing
> labor, and any such machinery so purchased by
> the county, and any road machinery owned by
> the county and not necessarily used on the
> public roads, may be used on private lands for
> the purpose of constructing and maintaining the
> improvements and structures in this Act pro-
> vided."

The above provisions quoted, of the Acts of the
44th Legislature, are to be read with and considered in
the light of the authority granted and as expressed in
Article 2372c, Revised Civil Statutes, 1925, Acts of 1931,
42nd Legislature, Chapter 53, Section 4 of which act
reads:

> "In the public service of conserving the
> soil ferility of the lands of the County, the
> Commissioners' Courts shall have the authority
> to co-operate with the land owners and tax-
> payers of the County in all judicious efforts
> for the preservation of the productiveness of
> the soil from avoidable waste, and loss of pro-
> ductiveness of the soil from avoidable waste,
> and loss of productiveness of agricultural crops
> necessary to the public welfare, through permiss-
> ion to use the machinery and equipment that may

be made available by the County for such pur-
poses under written contract, and the County
shall receive from such landowners and tax-
payers compensation, upon such uniform basis as
may be deemed equitable, and proper, for the
co-operation extended and services rendered,
all such compensation or funds to the county
to be paid into the Road and Bridge Fund of
the County; and the County Commissioners'
Court may provide for payments from landowners
and taxpayers of the County at such stated
intervals and in such amounts, as and when the
County taxes are collected, as may be equitable,
for the use of the equipment for the protec-
tion of lands against continuing immeasurable
injury through soil erosion; provided that the
Commissioners' Court or representative thereof
shall not go upon the land of any owner to im-
prove, terrace, protect, or ditch such lands
until requested to do so in writing by such
owner; and provided further, that the Commission-
ers' Court or representative thereof shall not
be required to do such improving, terracing,
protecting, and ditching unless such Court shall
determine that such work is of some public
benefit and said Court elects to do the work."

The Act of the 44th Legislature being enacted after the
one last referred to and on the same general subject, its
specific provisions will control and prevail over the
prior act where its provisions are general - the two
acts not necessarily conflicting. Such funds advanced
for labor, material and fuel furnished under either
provisions of our statutes must be done by written con-
tract and orders duly made and entered upon the minutes
of said court.

In Volume 11, Tex. Jur., Para. 95, p. 632, it
is said the authority of the Commissioners' Court as the
governing body of the county to make contracts in its
behalf is strictly limited to that conferred either express-
ly or by fair or necessary implication by the Constitution
and laws of the State. Also:

"In dealing with the county, it is necess-
ary to have an express contract with the Com-
missioners' Court and that court can only speak

by and through its minutes and records."
Ferrier vs. Knox (Civ. App.) 53 SW 896,8.

We are unable to extend the import of the plain
and unambiguous language used in these enactments to in-
clude an arrangement as expressed in your letter, portions
of which are above set forth. The act provides for:

"Assessing the landowner with an assess-
ment."

And unless a landowner desires to avail himself of this
assessment with payments deferred and without interest, we
can conceive of no such benefits added or accruing to his
land by the use of county funds or amount assessed, when
his own money which would adequately pay for and provide
said improvements, is withheld in escrow.

We find no inhibition, of course, for the Com-
missioners' Court to perform said work after being peti-
tioned, assessment made and a contract entered into, from
accepting cash in payment of the assessment prior to the
making of said improvements.

It is, therefore, the opinion of this Department
that the Commissioners' Court would not be authorized to
construct or provide for the construction of improvements
as mentioned in Article 165a-1, Revised Civil Statutes and
Section 5 thereof by allowing cash as security in lieu of
a contract retaining a lien as provided therein and that
it would be necessary that said lien, in all instances
where payments are deferred, be filed and recorded.

In keeping with this opinion and as per your re-
quest, we herewith submit a form contract, bearing the ap-
proval of this Department, for such improvements as are
desired to be made under the provisions of said Article
165a-1, Revised Civil Statutes and as provided in Section
5 thereof.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

ENCLOSURE
APPROVED:

ATTORNEY GENERAL OF TEXAS